IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SAMUEL GAINES, JR., <br><br>               Plaintiff <br><br>VS. <br><br>HALE BURNSIDE, *et al*., <br><br>               Defendants | NO. 5:03-CV-177 (CAR) <br><br> **PROCEEDINGS UNDER 42 U.S.C. § 1983** <br> **BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Plaintiff SAMUEL GAINES filed the above-captioned *pro se* complaint pursuant to 42 U.S.C. §1983. He has sued defendants HALE BURNSIDE, CONNIE KILGORE, DAVID WOODWARD, CURTIS JOHNSON, TODD TRIPP, and GREGORY SMITH, alleging that they violated his constitutional rights by refusing him proper medical care while incarcerated in the Georgia Department of Corrections facilities.[1]

Before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT** (Tab #72) which is supported by a Brief (Tab #74), a Statement of Undisputed Material Facts (Tab #76), and other documentation. Tab #78. Plaintiff GAINES has filed a Response to the defendants' motion (Tab #79), a Statement of Disputed Material Facts (Tab #80), and two affidavits in support of his position. Tabs #81 and #82. In entering this recommendation, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's response and all supporting documentation.

---

[1] Dr. Gregory Smith has been heretofore granted summary judgment in this proceeding. Tab #54.

LEGAL STANDARDS
**A. Summary Judgment**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

### B. Deliberate Indifference

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107.[3] mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id*. at 106.

---

[2] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

[3] At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991) (vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994)). Moreover, *Estelle* specifically states that the question of whether an x-ray or additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. 97 S.Ct. at 292-93.

Delay in access to medical attention can violate the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to lay persons because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not violate the Eighth Amendment. The seriousness of an inmate's medical needs may be decided by reference to the effect of the delay in treatment.

Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying medical evidence in the record</u> to establish the detrimental effect of delay in medical treatment to succeed. Further, the tolerable length of the delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay. *Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176, (11th Cir.1994) (emphasis added).

## DISCUSSION

In the present case, it appears that the only issues of fact[4] that are in dispute are (1) whether the plaintiff was ever given an increased dosage of Antivert; (2) whether the plaintiff was aware of that a medical reprieve could be made available to him; and (3) whether the plaintiff ever received a liquid diet for medical problems. The only dispute among these three that could be a "material" fact is the issue of the prescribed dosage of Antivert, but that issue appears to be irrelevant because the plaintiff refused to take the medicine that was prescribed.

---

[4] For purposes of summary judgment proceedings, it is important to discern differences in *fact* versus differences in *opinion*. The plaintiff's submissions include many differences of opinion with respect to medical analysis. In such cases, the court is inclined to defer to the doctor with years of medical education and experience rather than the patient whose knowledge comes from reading prison medical guides and pamphlets.

4

When viewed in the light most favorable to the plaintiff, the evidence presented by the defendants shows no deliberate indifference on the part of any of them.  The plaintiff does not contend that his condition will result in a lifelong handicap or a permanent loss, but rather that his vertigo has made him uncomfortable for an extended period of time.  Evidence presented indicates that Dr. Burside and the rest of the medical staff that treated the plaintiff used prudent professional judgment in alleviating the plaintiff's condition.  In the view of the undersigned, plaintiff merely disagrees with the diagnosis and treatment of medical professionals.  Especially in light of the fact that the plaintiff refused to heed their advice with regard to taking medication, the plaintiff's claim has no merit.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #72) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 16th day of FEBRUARY, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE