IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SAMUEL GAINES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:03-cv-177 (CAR) |
| | : | |
| DR. HALE BURNSIDE et al., | : | |
| | : | |
| Defendants. | : | |

# *ORDER ON MAGISTRATE JUDGE'S*
# *REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 83] that Defendants' Motion for Summary Judgment [Doc. 72] be granted. Plaintiff filed two Objections to the Recommendation. [Docs. 84, 85]. In his Recommendation, the Magistrate Judge recommended granting summary judgment on the grounds that Plaintiff's claim amounted to a disagreement with the diagnosis and treatment of medical professionals. The Court, having considered the matter *de novo*, agrees with the Recommendation.

Plaintiff's claims essentially amount to an assertion that Dr. Burnside did not find the cause of Plaintiff's vertigo quickly enough, did not employ the proper tests to determine the cause of Plaintiff's vertigo, and failed to prescribe the proper medication to Plaintiff. Taking the facts in the light most favorable to Plaintiff, the record indicates during Plaintiff's incarceration in Wilcox State Prison, Defendants subjected Plaintiff to a battery of diagnostic tests, beginning with more conservative tests, such as X-rays, and ending with a CT scan of Plaintiff's brain. Plaintiff's treatment continued after Plaintiff was transferred from Wilcox State Prison. Plaintiff saw an ear,

nose, and throat specialist and underwent an MRI. Plaintiff argues, in part, that Defendants should have referred him to a specialist and ordered an MRI sooner than they did.

The Court finds nothing wrong with the steps Defendants took to determine the cause of Plaintiff's vertigo. Defendants used prudent professional judgment in deciding which tests to administer, and in what order. As many physicians often do when determining the cause of a patient's symptoms, Defendants began by ordering conservative tests, such as x-rays, and moved to more invasive tests only after the conservative tests proved inconclusive. Furthermore, the time Defendants took to determine the cause of Plaintiff's disorder did not amount to a constitutional violation in light of the nature of Plaintiff's medical condition. See Farrow v. West, 320 F.3d 1235, 1247 (11th Cir. 2003) ("Whether [a] delay in treatment [is] tolerable 'depends on the nature of the medical need and the reason for the delay.'").

Having explained the reasons why the Court agrees with the Recommendation, the Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

**SO ORDERED**, this 24th day of May, 2006.

        S/ C. Ashley Royal
        C. ASHLEY ROYAL
        UNITED STATES DISTRICT JUDGE

AEG/ssh